The bill in this case is filed to obtain a construction of the last will and testament of John Gunn, deceased, and is brought on for hearing ex parte on the bill and proofs.
John Gunn died August 16th, 1926, leaving a last will and testament wherein he devised and bequeathed his property as follows:
"1. I give and bequeath to my son Charles Thornton Gunn the sum of five dollars.
"2. I give, devise and bequeath to my son George Bain Gunn, and his lineal heirs, all the rest, residue and remainder of my estate, both real and personal and wheresoever situate.
"3. Should my said son George Bain Gunn die without issue, then and in that case I give, devise and bequeath all the said rest, residue and remainder of my estate, both real and personal and wheresoever situate, to the nearest relatives, heirs-at-law and next of kin of my *Page 490 
mother, Ellen Bain Gunn, now deceased, now and then residing in Scotland, share and share alike, saving, excepting and excluding my said son Charles Thornton Gunn, and any of his lineal heirs."
Upon the death of the testator his estate was found to consist of personal property only.
Before our statute of March 12th, 1851 (Comp. Stat. p. 5870,Wills § 27), the legatee, George Bain Gunn, would have taken under the third paragraph of this will an absolute interest in the personal estate, under a rule of construction applied by the courts in order to avoid the entailing of personal property. This was an artificial rule at best, and the act of 1851 was framed to create a new rule of construction where the testator used the words "die without issue." Under this enactment these words were to be construed as creating a definite defeasible estate in both real and personal property. This new rule of construction was to be operative in all cases, "unless a contrary intention should otherwise appear by the will." Unless, therefore, such intention, contrary to the one set forth by the legislature appears on the face of the will, this court is bound to adopt the construction provided by the statute.
That such a contrary intent is clearly indicated by the testator in the present case appears from the second paragraph of the will. The testator there used words expressly creating an estate tail, and thus indicated a clear intent that he meant his real and personal property to descend to George Bain Gunn and his lineal heirs.
This situation is distinctly different from that arising inCondict v. King, 13 N.J. Eq. 375. In the latter case the testator used no words expressly creating an estate tail, but merely devised land to Edward W. Condict, and in case he dies, "without lawful issue," directed that the property was to go over. Under that will Chancellor Green held that the act of 1851 applied, and that there was no contrary intent shown by the testator that any other rule of construction than the one adopted by the legislature should apply.
That the creation, by express words, of an estate tail by the testator will defeat the legislature's construction arising *Page 491 
out of the words "die without issue," used later in the will, is indicated by a consideration of the statute on which our act of 1851 (as well as other American statutes of like effect) is modeled. The statute of 1 Vict. ch. 26 ¶ 29, after providing for the same rule of construction of the words "die without issue" as does our statute, goes on to say that this rule of construction should not be applied where "a contrary intention shall appear by the will, by reason of such person [the legatee or devisee] having a prior estate tail, or of a preceding gift, being, without any implication arising from such words, a limitation of an estate tail to such person or issue, or otherwise * * *."
From a consideration of this statute it is clear that the legislature which framed our act must have been aware of the exception in the English statute and must have intended that where the testator creates an estate tail in the devisee, the subsequent use of the words "die without issue" shall not defeat the testator's intention by the court interpreting them as creating a defeasible estate.
Further evidence of the testator's intention to create an estate tail is provided in the latter part of the third paragraph of his will, where the estate over is given to the nearest relatives, heirs-at-law and next of kin of my mother, Ellen Bain Gunn, now deceased, now and then residing in Scotland, share and share alike, saving, excepting and excluding my said son Charles Thornton Gunn, and any of his lineal heirs. This indicates an intention in the testator that neither Charles Thornton Gunn nor any of his lineal heirs should, at any indefinite period of time, enjoy any of his estate. He would not have provided thus had he had in mind a definite failure of issue at George's death.
The court, in view of the testator's intention to create an estate tail as expressed in paragraph two of his will, will not apply the statutory rule of construction, but will apply the rule used before the enactment of our statute.
The legatee will therefore be decreed to have taken an absolute interest in the personal estate under the terms of the testator's will. *Page 492 
A decree will be made in conformity with the advise contained in the conclusions of Advisory Master Backes, which are hereby adopted as the opinion of the court.